#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### SOUTHERN DIVISION

**JEFFERY[1] RAMSEY   # 204588**                                                       **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION: 1:19cv54-HSO-RHW**

**JOEL SMITH and BETH McFADYEN**                                                       **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is [36] a December 3, 2019 motion to dismiss filed by Defendants Joel Smith and Beth McFadyen in this *pro se* prisoner civil rights lawsuit.  In February 2019, while he was incarcerated at Harrison County Detention Center on three felony DUI charges, Jeffery Ramsey filed his complaint against Joel Smith, the District Attorney for the Second Circuit Court District of Mississippi.  Ramsey signed the complaint February 14, 2019 and the Clerk filed it on February 19, 2019.  Assistant District Attorney Beth McFadyen was added as a Defendant pursuant to a pleading Ramsey filed while he was free-world in August 2019.  [22], [19]  Smith and McFadyen urge they are entitled to dismissal on grounds that Ramsey's claims against them are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that they are immune from Ramsey's lawsuit pursuant to the Eleventh Amendment and prosecutorial immunity.  Ramsey filed no response to the motion.

### Facts and Procedural History

Jeffery Ramsey was indicted in the Circuit Court for the Second Judicial District of Harrison County, Mississippi on three charges of felony driving under the influence after having been previously convicted of DUI four times in the state of Florida.  The Mississippi charges arose from incidents on December 3, 2016 (case B2402-17-299); October 1, 2017 (case B2402-

---

[1] The Mississippi Department of Corrections spells Ramsey's given name "Jeffrey."

2018-103); and August 11, 2017 (case B2402-2018-132), as reflected in the indictments returned July 31, 2017, March 19, 2018 and April 2, 2018, respectively. [36-1] On April 8, 2019, Ramsey entered guilty pleas to the three felony DUI charges in Harrison County Circuit Court, and was sentenced to ten years in each case, to run consecutively for a total of 30 years, with six and one-half years to serve and the remainder suspended for five years reporting post-release supervision, along with fines, costs and restitution to be paid following his release from confinement. [36-2], [36-3] The trial court stated he was to receive credit for the time he had spent in HCADC.[2] According to the Mississippi Department of Corrections (MDOC) website, Ramsey entered the system on April 30, 2019. He changed his address to Central Mississippi Correctional Facility (CMCF) on May 16, 2019. [12] By July 24, 2019, he had been released from prison, as reflected in the free-world address he filed with the Court. [19] Additional changes of address filed by Ramsey show he was back in jail by October 23, 2019, and back at CMCF by October 28, 2019. [31], [32] He has been serving his sentences at South Mississippi Correctional Institution (SMCI) in Leakesville, MS since February 7, 2020. [39] His tentative release date is August 13, 2023 according to the MDOC website.

In the present lawsuit, Ramsey alleges DA Smith and Assistant DA McFadyen violated his constitutional rights by destroying exculpatory evidence (the blood test evidence in his DUI cases) which he claims would have proved the tests were done without a valid search warrant. He complains this has resulted in his being deprived of life, liberty, property and pursuit of happiness; that he has been wrongfully convicted, and is falsely imprisoned serving an excessive sentence, after being denied a speedy trial due to excessive delays in prosecuting the cases. [22] Smith and McFadyen urge *Heck v. Humphrey*, 512 U.S. 477 (1994) bars all Ramsey's claims

---

[2] Ramsey stated at his plea hearing that he had been in the jail for almost two years. [36-2, p. 18]

arising from his prosecution and conviction in the DUI cases; that they have Eleventh Amendment immunity from Ramsey's claims against them in their official capacities and prosecutorial immunity from his individual capacity claims.

## Dismissal Standard

The Prison Litigation Reform Act ("PLRA") allows dismissal of a *pro se* prisoner's *in forma pauperis* lawsuit if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). A cause of action may be dismissed as failing to state a claim "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Baton Rouge Bldg. and Const. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *In re Great Lakes Dredge & Dock Co. LLC v. Louisiana State*, 624 F.3d 201, 210 (5th Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at. 678. The Court accepts as true "all well-pleaded facts" and construes the complaint in the light most favorable to the plaintiff; it does not accept as true a plaintiff's "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge*, 624 F.3d at 210.

## Law and Analysis

*Heck v. Humphrey*, 512 U.S. 477 (1994) precludes a claim for monetary damages under 42 U.S.C. § 1983 that essentially challenges the plaintiff's conviction or imprisonment.

> [I]n order to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed… expunged … declared invalid … or called into question by a federal court's issuance of a writ of habeas corpus….   [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.   But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed[.]

*Id.*, 512 U.S. at 486-87.   See also *Hudson v Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Walker v. Munsell*, 281 F.App'x 388, 390 (5th Cir. 2008), citing *DeLeon v. City of Corpus Christi,* 488 F.3d 649, 656–57 (5th Cir. 2007) (holding *Heck* barred an excessive force claim of one who claimed he did not resist arrest and did nothing wrong).

Ramsey complains the blood alcohol evidence upon which his convictions rest was illegally obtained and that Defendants wrongfully destroyed it; that he was denied a speedy trial; his sentences are excessive; and he is falsely imprisoned.   The undersigned finds such claims clearly challenge the constitutionality of the convictions and sentences resulting from his guilty pleas.   See *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (prisoner's civil rights action constituted a challenge to the fact or length of his confinement because it alleged law enforcement officials violated his rights during criminal investigation, that the district court illegally indicted and sentenced him, and that defendants conspired to violate his rights, commit fraud, obstruct justice and engage in unlawful conduct). In this case, Ramsey's claim that his blood was obtained without a valid search warrant necessarily implies the validity of his convictions based on his blood alcohol concentration levels.   See *Shipman v. Sowell*, 766 F. App'x 20, 28 (5th Cir. 2019) (holding conviction for selling vehicles without proper paperwork inextricably intertwined with plaintiffs' claim that the raid on his vehicle auction was without probable cause).   A finding that evidence relevant to his

criminal charges was destroyed in violation of the plaintiff's Fourteenth Amendment right to due process would also "necessarily imply the invalidity of his subsequent convictions and sentences on those charges." *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996).

Ramsey's claimed infringement of his Sixth Amendment right to speedy trial would likewise necessarily imply the invalidity of his otherwise unchallenged convictions under *Heck*. *See also Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009); *Josey v. Tex. Dept. of Public Safety*, 101 F. App'x 9, 10 (5th Cir. 2004) ("by raising his speedy-trial argument, [the plaintiff] is contesting his continued confinement"); *Anderson v. Galveston County Dist. Clerk*, 91 F. App'x 925, 926 (5th Cir. 2004) (claim for denial of right to access to courts due to excessive pre-trial detention amounts to contention that speedy trial right was violated and necessarily implicates the invalidity of conviction ).

Ramsey's claim that his sentence is excessive fares no better, because a ruling in his favor on that issue "would necessarily imply the invalidity of his . . . sentence." *Heck*, 512 U.S. at 487. And his false imprisonment is *Heck*-barred because it "would necessarily require the district court to re-evaluate the lawfulness" of his conviction. *Thomas v. Louisiana, Dept. of Social Services*, 406 F. App'x 890, 897-98 (5th Cir. 2010). The undersigned finds all the above claims arising from Ramsey's convictions are precluded. *Heck*, 512 U.S. at 486-487; see also *Easterling v. Logazina*, 2011 WL 213472, at *1 (S.D. Miss. January 21, 2011). "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton*, 74 F.3d at 102 (citing *Boyd*, 31 F.3d at 283). No evidence before the Court indicates Ramsey's convictions have been "reversed, expunged, invalidated, or impugned by the grant of a writ of

habeas corpus." *Heck*, 512 U.S. at 489. The undersigned will therefore recommend that his claims be dismissed as frivolous.

While the undersigned is of the opinion that all Ramsey's claims are *Heck*-barred, the Defendants have also asserted meritorious immunity grounds for dismissal of this action. Defendants assert Eleventh Amendment immunity from Ramsey's monetary damages claims against them in their official capacities. The Eleventh Amendment to the United States Constitution "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI; *College Sav. Bank v. Florida Prepaid Post Secondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)). This is a jurisdictional bar that, absent waiver, prohibits a federal court from hearing a claim against a state and its agencies and instrumentalities, whether based on federal or state law and regardless of the nature of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). *See also McDonald v. Board of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir.1987) (quoting *Crane v. Texas*, 759 F.2d 412, 415 (5th Cir. 1985)) ("[E]leventh Amendment immunity is a jurisdictional issue that 'cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.'"). Eleventh Amendment immunity is not abrogated by § 1983, nor has Mississippi waived it. *Hines v. Mississippi Dept. of Corrections.*, 239 F.3d 366 (5th Cir. 2000) (Congress has not abrogated states' immunity for suits under § 1983); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (§ 1983 does not abrogate Eleventh Amendment immunity); Miss. Code Ann. § 11-46-5(4) (preserving Mississippi's Eleventh Amendment immunity).

State officials are not "persons" subject to suit under 42 U.S.C. § 1983 because "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Am. Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Since "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents," state officials are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). In Mississippi, district attorney offices are state-funded, and the district attorneys' authority extends to statewide concerns. *Chrissy F. by Medley v. Miss. Dept. of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991). Thus, Mississippi district attorneys are state officials entitled to Eleventh Amendment immunity. *Id.*; *Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999); *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996); s*ee also Brown v. Harrison County Circuit Court*, 2007 WL 1306422, *2 (S.D. Miss. Apr. 30, 2007) ("the District Attorney's Office does not enjoy a separate legal existence under Mississippi state law and, therefore, the Plaintiff cannot pursue a cause of action against it."). The undersigned finds the Eleventh Amendment bars Ramsey's claims for money damages against DA Smith and ADA McFadyen in their official capacities.

Prosecutorial immunity protects DA Smith and Assistant DA McFadyen, not only from liability, but from suit under § 1983, thus the immunity issue should be decided as early as possible. *Boyd*, 31 F.3d at 284. "Prosecutors are absolutely immune from liability for initiating prosecutions and other acts 'intimately associated with the judicial phase of the criminal process.'" *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The immunity applies to the prosecutor's actions "in

carrying the case through the judicial process." *Boyd*, 31 F.3d at 285. It shields prosecutors even when they act maliciously, wantonly or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir.1985)); *Collins v. New Orleans Police Dept.*, 247 F.3d 240 (5th Cir. 2001)). *See Workman v. Calogero*, 174 F. App'x 824, 826 (5th Cir. 2006) (affirming dismissal based on prosecutorial immunity of RICO and civil rights claims). "Wilful or malicious prosecutorial misconduct is egregious by definition, yet prosecutors are absolutely immune from liability for such conduct if it occurs in the exercise of their advocatory function." *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003). Even the suppression of exculpatory evidence is shielded by prosecutorial immunity. Id.; *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978) (finding prosecutorial immunity applicable "even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts casting doubt upon the state's testimony.") (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). The immunity has also been held applicable to a claim of intentional delay of criminal proceedings for the purpose of harassment. *Shmueli v. City of New York*, 424 F.3d 231, 236-238 (2nd Cir. 2005). Prosecutorial immunity is not limited to advocacy before a court, but extends to decisions of whether and when to file criminal charges. *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Under the above authority, Defendants have absolute immunity from suit for their actions in securing indictments against Ramsey and prosecuting the cases through his guilty pleas and sentencing. The undersigned finds prosecutorial immunity protects Smith and McFadyen from Ramsey's claims arising from his criminal proceedings. Ramsey's demand for injunctive relief fails for lack of even an allegation of irreparable harm or any authority of Smith or McFadyen to provide such relief.

## RECOMMENDATION

The undersigned recommends that Defendants' motion to dismiss be granted and this case, dismissed as frivolous under the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994), and/or because Defendants are immune from suit.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may file with the Clerk of Court and serve on the other party/parties written objections to the R&R, specifically identifying the findings, conclusions and recommendations to which he objects.  *L.U.Civ.R.* 72(a)(3).  The District Court need not consider frivolous, conclusive, or general objections.  Within seven days after service of objections, the opposing party/parties must either serve and file a response or notify the district judge they do not intend to respond to the objections.  Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 28th day of April 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE