IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEFFERY RAMSEY**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL NO. 1:19cv54-HSO-RHW**

**JOEL SMITH and BETH McFADYEN**                          **DEFENDANTS**

**<u>ORDER OVERRULING PLAINTIFF JEFFERY RAMSEY'S OBJECTIONS [41, 43] TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING THE REPORT AND RECOMMENDATION [40], AND GRANTING DEFENDANTS JOEL SMITH AND BETH MCFADYEN'S MOTION [36] TO DISMISS</u>**

BEFORE THE COURT are Defendants Joel Smith and Beth McFadyen's Motion [36] to Dismiss, United States Magistrate Judge Robert H. Walker's Report and Recommendation [40], which recommends granting the Motion [36] to Dismiss, and Plaintiff Jeffery Ramsey's Objections [41, 43] to the Report and Recommendation.

After due consideration of the record, the Motion [36] to Dismiss, the Report and Recommendation [40], Plaintiff's Objections [41, 43], and relevant legal authority, the Court finds that Plaintiff Jeffery Ramsey's Objections [41, 43] to the Report and Recommendation should be overruled, the Magistrate Judge's Report and Recommendation [40] should be adopted as the opinion of the Court, and Defendants Joel Smith and Beth McFadyen's Motion [36] to Dismiss should be granted. Plaintiff's claims should be dismissed.

1

## I. BACKGROUND

A.  Factual background

Plaintiff Jeffery Ramsey ("Ramsey") was indicted in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on three separate indictments for three separate offenses of felony driving under the influence. *See* Def. Ex. A, Indictments [36-1]. He was first indicted on July 31, 2017, for conduct that occurred on December 3, 2016. *Id.* at 1-3. Ramsey was indicted a second time on March 19, 2018, for conduct that occurred on October 17, 2017, *id.* at 4-6, and a third time on April 2, 2018, for conduct that occurred on August 11, 2017, *id.* at 7-9. These cases were brought on behalf of the State of Mississippi by Defendants District Attorney Joel Smith and Assistant District Attorney Beth McFadyen (collectively "Defendants"). *See id.*; Def. Ex. B, Sentencing Transcript [36-2] at 1.

On April 8, 2019, Ramsey pleaded guilty to all three indictments, and was sentenced to 10 years imprisonment on each indictment, to run consecutive to one another, for a total of 30 years imprisonment. Def. Ex. C, Circuit Court Order [36-3] at 1-2. Six and one-half years of the 30-year sentence was to be served as a period of incarceration and the remaining 23 and one-half years was suspended, followed by five years of reporting post-release supervision. *Id.* at 2.

Ramsey alleges that the blood samples used to test his blood alcohol concentration in each of the three cases were either collected without search warrants or through the execution of invalid search warrants. Resp. [22] at 2. Ramsey also claims that Defendants destroyed exculpatory evidence, namely the

blood samples and test results. Compl. [1] at 4; Resp. [22] at 1-4; Resp. [25] at 2. Had these blood samples not been destroyed, Ramsey believes that they would have proven that the samples were collected without a valid search warrant. Compl. [1] at 4; Resp. [22] at 1-4; Resp. [25] at 2. Defendants also purportedly delayed prosecuting his cases, resulting in speedy trial violations. Compl. [1] at 4. Ramsey maintains that he only pled guilty to each of the three offenses because of the speedy trial violations. Resp. [22] at 3-4; Resp. [25] at 1-2.

B. Procedural history

Ramsey filed a pro se Complaint [1] in this Court on February 19, 2019, asserting various deprivations of his constitutional rights under 42 U.S.C. § 1983. Compl. [1]. Ramsey contends that Defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights by depriving him of life, liberty, and property, illegally searching and seizing him, denying him due process, denying him access to the courts, violating his right to a speedy and fair trial, falsely imprisoning him, and imposing an excessive sentence. *Id.* at 4; Letter [6] at 1; Resp. [22] at 3-4; Resp. [25] at 1-2. Defendant Smith was named as a Defendant in the initial Complaint and Defendant McFadyen was added to the suit on August 16, 2019. *See* Compl. [1]; Order [23].

On December 3, 2019, Defendants filed a Motion [36] to Dismiss on grounds that the suit was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), that Defendants enjoy Eleventh Amendment immunity from Ramsey's claims against them in their official capacities, and that they have prosecutorial immunity from

Ramsey's claims against them in their individual capacities. Mot. to Dismiss [36] at 2. Ramsey did not respond to this Motion.

On April 28, 2020, the Magistrate Judge entered a Report and Recommendation [40] recommending that Defendants' Motion [36] to Dismiss be granted. R. & R. [40] at 9. Ramsey filed an Objection [41] to the Report and Recommendation on June 18, 2020, claiming that he never received a copy of Defendants' Motion [36] to Dismiss and requesting additional time to review the Motion [36] and respond accordingly. Obj. [41] at 1. The Court construed this Objection as a Motion for Extension of Time and granted Ramsey an additional 21 days to submit his Objections to the Report and Recommendation. Text Only Order, May 28, 2020. The Court also forwarded Plaintiff a copy of Defendants' Motion [36] and Memorandum [37]. *Id.*

Ramsey filed an Objection [43][1] on June 18, 2020, asserting that he did not receive the Magistrate Judge's Report and Recommendation. Obj. [43] at 2. However, in his initial Objection [41], Ramsey clearly acknowledged that he had received the Report and Recommendation [40]. Obj. [41]. Ramsey also argues that Defendants should be denied immunity. Brief [43-10] at 2-6.

## II. DISCUSSION

A. Standard of review

Where a party has filed objections to a magistrate judge's report and recommendation, the district court is required to "make a de novo determination of

---

[1] Although the docket lists this document as an Affidavit, it is clear that it is Ramsey's formal objection. *See* Obj. [43]. The Court will refer to it as such to avoid confusion.

4

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made" (emphasis in original)). A court is not required to make new findings of fact in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

However, where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Ramsey has filed Objections to the Report and Recommendation, Obj. [41, 43], so the Court is required to conduct a de novo review of those portions of the Report and Recommendation to which he objects, *see Longmire*, 921 F.2d at 623. As for the portions of the Report and Recommendation to which Ramsey does not object, the Court has reviewed the Report and Recommendation and finds that those portions are neither clearly erroneous, nor are they an abuse of discretion or contrary to law. *See Wilson*, 864 F.2d at 1221.

B.     Plaintiff's Objections [41, 43]

The Court resolved Ramsey's first Objection [41] by furnishing him a copy of Defendants' Motion and granting him an extension of time by which to respond. Text Only Order, May 28, 2020. Plaintiff's second Objection [43] argues that Defendants are not entitled to Eleventh Amendment or prosecutorial immunity. *See* Obj. [43] at 1. He claims that *Ex parte Young*, 209 U.S. 123 (1908), precludes Eleventh Amendment immunity, and that Defendants should also be denied immunity because Ramsey is suing them in their individual capacities for violations of the United States Constitution. *See* Brief [43-10] at 1-3.

Ramsey seems to argue that Defendants should be denied prosecutorial immunity because the conduct of which he accuses them violated the Constitution. *See* Brief [43-10] at 1-3. However, prosecutors in their individual capacities are absolutely immune from suit pursuant to 42 U.S.C. § 1983 for actions that are within the scope of their prosecutorial duties. *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (citing *Brooks v. George County*, 84 F.3d 157, 168 (5th Cir. 1996)). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Quinn*, 326 F. App'x at 292 (citing *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984)).

A plaintiff's allegations that a prosecutor violated speedy trial rights, withheld exculpatory evidence, charged a defendant without probable cause, and

6

engaged in prosecutorial misconduct have all been found to be actions that fall within the scope of prosecutorial immunity. *See Hunter v. James*, 717 F. App'x 500, 501 (5th Cir. 2018); *Green v. Texas*, 704 F. App'x 386, 386 (5th Cir. 2017). Absolute immunity also applies where a prosecutor appears in court to present evidence in support of a search warrant application. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).

Ramsey alleges that his blood samples were collected without search warrants or through the execution of invalid search warrants, that Defendants destroyed exculpatory evidence, and that they violated his right to a speedy trial. Compl. [1] at 4; Resp. [22] at 1-4; Resp. [25] at 2. Under Supreme Court and Fifth Circuit precedent, all of these actions fell within the scope of initiating, investigating, and pursuing a criminal prosecution and thus Defendants are entitled to absolute prosecutorial immunity from Ramsey's claims against them in their individual capacities. *See Hunter*, 717 F. App'x at 501; *Green*, 704 F. App'x at 386; *Van de Kamp*, 555 U.S. at 343. As such, the Report and Recommendation correctly concluded that these claims against Defendants should be dismissed.

Ramsey also maintains that Defendants in their official capacities should be denied immunity under the Eleventh Amendment based upon *Ex parte Young*. Obj. [43] at 2-6. The Eleventh Amendment shields state actors from suit in their official capacities. *Brooks v. George Cty.*, 84 F.3d 157, 168 (5th Cir. 1996). The district attorney is considered a state actor in Mississippi who is shielded in his official capacity by Eleventh Amendment immunity. *Id.* The *Ex parte Young* doctrine

7

permits a suit against state officials when a complaint alleges an "ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002). *Ex parte Young* limits a plaintiff to prospective injunctive relief, and bars recovery of money damages. *Id.* Insofar as Ramsey's Complaint requests relief in the form of money damages, such claims against Defendants in their official capacities clearly cannot be brought under the *Ex parte Young* exception. *Id.*; Compl. [1] at 4.

The Court need not resolve whether Ramsey may pursue his requested relief of release from prison against Defendants under *Ex parte Young*, *Verizon Maryland, Inc.*, 535 U.S. at 645; Compl. [1] at 4, because even assuming that Defendants would not be entitled to Eleventh Amendment immunity on such a claim, it is still barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Ramsey has not objected to those portions of the Report and Recommendation finding his claims *Heck*-barred, *see* Obj. [43]; R. & R. [40] at 3-6, and the Report and Recommendation's conclusions on this point are not clearly erroneous, an abuse of discretion, or contrary to law, *see, supra,* Section II(B) at 6. The Magistrate Judge's finding that Ramsey's claims are *Heck*-barred is independently sufficient to dismiss his claims. *See* R. & R. [40] at 3-6. As such, even if the Court were to find that Defendants were not entitled to Eleventh Amendment immunity on Ramsey's request that he be released from prison, this claim would be *Heck*-barred and dismissal would remain appropriate.

Having conducted the required de novo review, the Court concludes that Plaintiff's Objections should be overruled, and the Magistrate Judge's findings should be adopted. *See Longmire*, 921 F.2d at 623. Dismissal is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Jeffery Ramsey's Objections [41, 43] to the Magistrate Judge's Report and Recommendation [40] are **OVERRULED**, and the Magistrate Judge's Report and Recommendation [40], entered in this case on April 28, 2020, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Joel Smith and Beth McFadyen's Motion [36] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 20th day of July, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE